CHAS. T. REESE, Plaintiff in Error, *v.* J. T. CRESON.

JUDGMENT. *By motion against sheriff. Notice. Certificate of execution sent.* Where a motion is made against a sheriff for failing to return an execution sent to him from another county, he is only entitled to notice when he is sought to be made liable on the certificate of the clerk, that he *mailed* the process to the sheriff. Therefore, where the process is *delivered* to the sheriff, he will not be entitled to such notice.
Code construed: §§ 3,587, 3,585.

FROM LINCOLN.

Appeal from the Circuit Court. W. P. HICKERSON, Judge.

TURNEY & CLARK for Reese.

DISENER & SON for Creson.

BURTON, Special J., delivered the opinion of the Court.

His Honor, the Circuit Judge, charged the jury

that the judgment on which the execution in this case issued was erroneous, irregular and invalid, and would not protect the defendant (Mr. Laughlin), if he caused the plaintiff's property to be *sold* thereunder. It appears that the execution was issued from Franklin County to the sheriff of Lincoln County on the original judgment rendered in favor of H. and P. Douglas against Keith (sheriff) and Creson and his other sureties, more that twenty days before the return day of the process. And the judgment by motion recites that this execution was *delivered* to said sheriff (F. W. Keith), on the 22d day of April, 1868, and that he failed to return said execution, etc. The motion was made at the return term of the process, though continued over to the next term, when the judgment was rendered.

In *Lavie* v. *Keith*, MS., (decided at the present term), construing §§ 3,587, 3,589, we have held that when a motion is made against a sheriff for failing to return an execution sent to him from another county, he is only entitled to notice when he is sought to be made liable on the certificate of the Clerk that he *mailed* the process to him.

The judgment in this case assumes, and, indeed, the witness (Clark) proved on trial of this case, that the execution from Franklin County was *delivered* to the sheriff, and therefore assumes a fact that dispenses with notice in our view of the law.

For this error let the judgment be reversed, and the cause remanded for a new trial.